UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RAFAEL ELIAS KILLIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 08-385-ART |
| v. | ) | |
| | ) | |
| D.L. STINE, Warden, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Rafael Elias Killian is currently incarcerated in the Federal Correctional Complex in Coleman, Florida. He has submitted a completed form commonly used for applying for habeas relief pursuant to 28 U.S.C. § 2241. He has also moved for and been granted leave to proceed without pre-payment of the filing fee, that is, *in forma pauperis*.

In his purported petition Killian seeks redress for injuries he incurred while he was confined. Specifically, he claims that while he was incarcerated at the United States Penitentiary ("USP")-McCreary, in Pine Knot, Kentucky, he warned his custodians that the inmates in his unit posed a risk to him, but the prison officials did not protect him and as a result he was assaulted and injured by the inmates. These allegations constitute a claim that because the prison officials failed to keep him safe, they violated his Eighth Amendment right to be free from cruel and unusual punishment. Accordingly, the Court construes this petition and its attachments as a Complaint filed under 28 U.S.C. § 1331 for a violation of Killian's constitutional rights, and directs the Clerk of the Court to correct the Court record to reflect this construction.

The Court is required to screen the petition before allowing it to proceed pursuant to 28 U.S.C. § 1915A(a). *McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). For the purpose of this screening, the pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations of the *pro se* litigant are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But, this liberal screening policy has limits, *see Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and Congress has mandated dismissal of any claim that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

Plaintiff claims that D.L. Stine, Plaintiff's unit team, and the lieutenant who put him back into the unsafe unit placed him in a known unsafe environment such that he was injured. As noted above, the Court construes this as a federal claim that they were deliberately indifferent to his safety in violation of the U.S. Constitution's Eighth Amendment.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment's prohibition of cruel and unusual punishment imposes both restraints and duties on prison officials who must provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Having incarcerated 'persons [with] demonstrated proclivities for antisocial criminal, and often violent conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course."

*Farmer*, 511 U.S. at 833 (internal citations omitted) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)).  Instead, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Hudson*, 468 U.S. at 526.  "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," and "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders must pay for their offenses against society." *Farmer*, 511 U.S. at 833–34 (internal quotations omitted).  When a prisoner suffers injury at the hands of another prisoner, a prison official is liable when two conditions are met: "the alleged deprivation must be, objectively, sufficiently serious," and the prison official must act with "deliberate indifference to inmate health or safety." *Id.* at 834 (internal quotations omitted).  Thus to state a claim that his Eighth Amendment rights have been violated, Killian must allege that he suffered a sufficiently serious injury at the hands of another prisoner and that prison officials acted with deliberate indifference to his health or safety in allowing such injury to occur.

   Killian's allegations here are summarized from his initial pleading and gleaned from his attached exhibits.  *See* R. 2.  On December 9, 2007, while imprisoned at USP-McCreary, Killian asked to be placed in protective custody "because I didn't feel safe in the unit I was in because I was robbed by some inmates."  He was placed in the Special Housing Unit ("SHU") for his protection.  He was questioned by the Special Investigation Services (SIS) several times, but he did not know the culprits' names.  On February 5, 2008, he was returned to his living unit, and less than 24 hours later, he was again robbed, and this time he was also assaulted.  Plaintiff suffered a black eye and an injury to his jaw.

   On March 11, 2008, Killian began the BOP's administrative remedy program, writing to the staff that "I feel my safety rights were violated."  The responses of BOP personnel in that

3

administrative process reveal that Plaintiff was immediately returned to the SHU and remained there until a transfer could take place. While still at USP-McCreary, in his last level of appeal to the BOP's national office, he indicated that his injuries were still bothering him and that he wanted to file a lawsuit. He also indicated that the situation needed to be taken seriously.

On June 17, 2008, Killian was transferred to his current prison, and he filed this suit on December 1, 2008. He claims that he still suffers from his December of 2007 injuries, continues to take medication for these injuries, and remains concerned that someone is going to hurt him.

Killian has alleged a violation of his federal rights at the hands of his custodians. Specifically, he has alleged that his injuries were sufficiently serious—they continue to cause him pain today— and that prison officials acted with deliberate indifference—they put him back into an environment where they knew he would likely be harmed. Furthermore, Killian has demonstrated that he exhausted the BOP administrative remedies prior to filing this lawsuit. Since he has stated a claim on which relief could be granted, a summons will be ordered to issue to the one named Defendant. To the extent the Plaintiff has indicated that other Defendants are at fault but have not been named, he is advised of an applicable provision of Federal Rule of Civil Procedure 4:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . .

Fed. R. Civ. P. 4(m) (2007). Plaintiff is hereafter on notice that if any John Doe defendants are not named and served within 120 days, then the claims against them shall be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

Accordingly, it is **ORDERED** as follows:

(1) The sole named Defendant in this action to date is D.L Stine, Warden at USP-McCreary, and he is sued in his official and individual capacities.

(2) The Clerk in the divisional office in which the case lies shall prepare and issue summonses for D.L. Stine, in his official and individual capacities; in addition to the summonses, the Clerk shall make 2 sets of copies of the summonses and mark one set to be served on the United States Attorney General and one set to be served on the United States Attorney for the Eastern District of Kentucky.

(3) The Divisional Clerk shall also prepare as many copies of the Complaint and this Order as there are summonses and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(4) After the Divisional Clerk's office has prepared the summonses, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk shall forward said documents, by certified mail, to the United States Marshal's office in Lexington, Kentucky.

(5) The Divisional Clerk shall enter the certified mail receipt into the instant record.

(6) The United States Marshal ("USM") shall personally serve a summons, Complaint copy, and copy of this Order on the named Defendant for whom a summons has been prepared. Additionally, the USM shall serve by certified mail, return receipt requested, copies of

the same documents on the United States Attorney General, in Washington, D.C., and on the United States Attorney for the Eastern District of Kentucky, in Lexington, Kentucky, by certified mail, return receipt requested.

(7) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(8) The Plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(9) For every further pleading or other document he wishes to submit for consideration by the court, the Plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date and that a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

(10) The Clerk of the Court shall correct the docket to reflect that this case is not one filed pursuant to 28 U.S.C. § 2241 but is a civil action brought pursuant to 28 U.S.C. § 1331, with Killian as the Plaintiff and Stine as the Defendant.

This the 15th day of December, 2008.

Signed By:
*Amul R. Thapar* AT
United States District Judge