UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

RAFAEL ELIAS KILLIAN,                         )
                                              )
          Plaintiff,                          )        Civil Action No. 08-385-ART
                                              )
v.                                            )
                                              )        **MEMORANDUM OPINION
D.L. STINE, Warden,                           )            AND ORDER**
                                              )
          Defendant.                          )

\*\*    \*\*    \*\*    \*\*    \*\*

In his complaint, Plaintiff Rafael E. Killian alleges that prison officials (including Defendant D.L. Stine) violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to keep him safe from other inmates.[1]  Defendant D.L. Stine has filed a Motion to Dismiss and a Motion for Summary Judgment, R. 18, and the plaintiff has filed an Objection to the defendant's motions.  R. 24.  Recognizing that the plaintiff is proceeding *pro se*, the Court liberally construes this "Objection" as both the plaintiff's response to the motions and an affidavit in support of denying the motions.  *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").  Because there is no evidence that the defendant acted with deliberate indifference, as his Eighth Amendment claim requires, the Court grants the defendant's Motion for Summary Judgment and dismisses this matter with prejudice.

_____

[1]While the plaintiff submitted a form commonly used for habeas relief pursuant to 28 U.S.C. § 2241, the Court construed his petition and its attachments as a Complaint filed under 28 U.S.C. § 1331 for a violation of his Eighth Amendment right.  R. 5.  Neither the plaintiff nor the defendant have objected to this construction.

## BACKGROUND

The following facts are taken from Killian's initial pleading, R. 2, and gleaned from his attached exhibits:

On December 9, 2007, while imprisoned at the United States Penitentiary McCreary ("USP-McCreary"), Killian requested placement in protective custody "because [he] didn't feel safe in the unit [he] was in because [he] was robbed by some inmates."  As a result, the prison placed him in the Special Housing Unit ("SHU") for his protection.  Special Investigation Services (SIS) questioned him several times to try determine who robbed him, but he did not know their names.

On February 5, 2008, the prison returned him to his living unit.  According to Killian, within twenty-four hours, he was robbed and assaulted.  Killian suffered a black eye and an injury to his jaw.

On March 11, 2008, Killian began the Bureau of Prisons's ("BOP") administrative remedy program, writing to the staff that "I feel my safety rights were violated."  The responses of BOP personnel in that administrative process reveal that the plaintiff was immediately returned to the SHU and remained there until a transfer could take place. While still at USP-McCreary, in his last level of appeal to the BOP's national office, he indicated that his injuries were still bothering him and that he wanted to file a lawsuit. He also indicated that he felt that prison authorities did not take the situation seriously.

On June 17, 2008, the BOP transferred Killian to the Federal Correctional Complex in Coleman, Florida, and he filed this suit on December 1, 2008.  He claims that he still suffers from his December of 2007 injuries, continues to take medication for these injuries, and remains concerned that someone is going to hurt him.  He initially named as the defendants:  Defendant

2

Stine, unidentified unit team members, and a lieutenant who purportedly put him back into the known unsafe environment.

## PROCEDURAL HISTORY

On December 10, 2008, the Court granted Killian's Motion to Proceed *in forma pauperis* and construed the initial submissions as a *pro se* complaint initiating a civil action under 28 U.S.C. § 1331. R. 4. Subsequently, the Court screened the case pursuant to 28 U.S.C. § 1915A and issued an opinion on December 15, 2008. In screening the case, the Court construed Killian's claim as an Eighth Amendment failure-to-protect claim. R. 5. Further, the Court noted that Killian alleged "his injuries were sufficiently serious—they continue to cause him pain today—and that prison officials acted with deliberate indifference—they put him back into an environment where they knew he would likely be harmed." *Id.* at 4.

Noting that the plaintiff had alleged a violation of his federal rights at the hands of his BOP custodians, and had demonstrated exhaustion of the BOP administrative remedies prior to filing the instant lawsuit, the Court also directed that summons issue for the one named defendant. *Id.* The Court put Plaintiff Killian on notice to name any other defendants within 120 days or else he would be unable to do so later under the terms of Federal Rule of Civil Procedure 4(m). *Id.*

On March 30, 2009, Plaintiff Killian submitted a Motion to Amend his Complaint to add more persons to be defendants. R. 23. The amended complaint listed four new names, as well as Stine and more John Does, but it did not allege what role each took in the purported violation of his Eighth Amendment right. On April 17, 2009, the Court granted the plaintiff's Motion to Amend to add the four newly named defendants. R. 26. Plaintiff Killian was notified "that for these parties to be properly served he should file a motion with the Court to have them served in which he must

3

indicate their first and last names along with their address or place of employment." *Id.* at 2. Two months later, the plaintiff still has not supplied the information and, hence, only Defendant Stine has been served.

## DISCUSSION

Defendant Stine claims, among other things, that he is entitled to summary judgment because Killian has not produced any evidence showing Stine was deliberately indifferent to Killian's health or safety. Because Stine is correct on this argument, Stine's other arguments are not addressed below.

Summary judgment on a claim should be granted if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To survive a motion for summary judgment, the nonmoving party must make a showing adequate to establish the existence of the essential elements of his case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court has a duty to accord a *pro se* plaintiff "the benefit of a liberal construction of their pleadings and filings," *Boswell*, 169 F.3d at 387, but "pro se plaintiffs are not automatically entitled to take every case to trial [and] the lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996) (citations omitted). Those limits are reached here, where even though the plaintiff's pleadings and filings are construed liberally, he has not presented evidence on one of the essential elements of his claim—i.e, that the defendant acted with deliberate indifference to his health or safety.

The Eighth Amendment's prohibition of cruel and unusual punishment imposes both restraints and duties on prison official who must provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). Generally, "prison officials have a duty . . . to

4

protect prisoners from violence at the hands of other prisoners," *id.* (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)), since "[b]eing violently assaulted in prison is simply 'not part of the penalty that criminal offenders must pay for their offenses against society,'" *id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  When a prisoner suffers injury at the hands of another prisoner—as the plaintiff has alleged here—a prison official is liable when two conditions are met: 1) "the alleged deprivation must be, objectively, sufficiently serious," and 2) the prison official must act with "deliberate indifference to inmate health or safety."  *Id.* at 834 (quotations omitted).

The defendant argues that summary judgement should be granted since there is no evidence to support either condition.  When the facts are construed in the light most favorable to Killian, there does appear to be evidence of serious injury.  However, there simply is no evidence that Stine was deliberately indifferent to Killian's health or safety.

The test for deliberate indifference in a failure-to-protect Eighth Amendment claim is a subjective one.  Specifically, a prison official is *only* liable for denying a prisoner humane conditions when:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837 (rejecting the use of an objective test when deciding whether a prison official has acted with deliberate indifference to a prisoner's health and safety).  The defendant made his decisions on where to incarcerate the plaintiff based on a review of reports from USP-McCreary staff.  These reports did not indicate a substantial risk of harm, nor did the defendant draw an inference that there was a substantial risk.  The procedure the defendant followed does not support

a conclusion that he acted with a deliberate indifference.

After his initial complaint on December 9, 2007, the plaintiff was put into immediate protective custody, until February 5, 2008, while the complaint was investigated. R. 18, Attach. 9, Decl. of D.L. Stine at ¶¶ 9-10. USP McCreary's Special Investigative Agent's Office ("SIA") questioned the plaintiff about his complaint. *Id.* at ¶ 11. The defendant received a statement of the investigation's recommendations, which concluded that the evidence did not show a threat to the plaintiff's safety. R. 18, Attach. 11. The defendant reviewed and approved the recommendations on January 7, 2008. *See id.* At 5. Based on this approval, prison officials removed the plaintiff from protective custody and placed him in the general population. None of the reports provided the defendant with the knowledge of a substantial risk of harm to the plaintiff, nor is there any evidence that the defendant drew an inference of a substantial risk.

Other cases have addressed whether an Eighth Amendment claim is applicable where an inmate, like the plaintiff, was assaulted after being returned to the general population despite the inmate's stated belief that such action was unsafe. The fact that an inmate was assaulted in prison does not *ipso facto* mean that there was deliberate indifference on the part of prison officials. *See Johnson v. Bowlen*, No. 99-6066, 2000 WL 1140739, at *1-2 (6th Cir. Aug. 8, 2000) (affirming dismissal since there was no evidence that the prison officials acted with deliberate indifference to a substantial risk of harm to the prisoner plaintiff, notwithstanding the fact that the plaintiff, who had "victimization status," was assaulted after a possibly negligent placement in the general population); *Bowens v. Tackett*, No. 95-6355, 1996 WL 466684, at *1 (6th Cir. Aug. 15, 1996) (rejecting claim that prison official acted with deliberate indifference even though the prisoner plaintiff was assaulted again after being placed in general population); *Davis v. Scott*, 94 F.3d 444, 446-47 (8th Cir. 1996)

6

(finding no deliberate indifference after prison informant was assaulted when returned to general population from protective custody).

These cases had similar circumstances to those in the present case. For instance, in *Davis*, the plaintiff was transferred to the Farmington Correctional Center ("FCC") in Missouri and placed in protective custody since he had known enemies in the general prison population. *Davis*, 94 F.3d at 445. Three years later, at a classification hearing, the prisoner plaintiff could not name any specific enemies in the general population. *Id.* at 446. He asked to stay in protective custody because unnamed friends of the enemies might try to harm him, but he was returned to the general population anyway. *Id.* He was assaulted the next month and subsequently filed a § 1983 action against prison officials on the basis that they had failed to protect him. *See id.* The Eighth Circuit rejected the deliberate indifference argument since the plaintiff offered "no solid evidence . . . of an identifiable risk to [the plaintiff's] safety . . . .." *Id.* at 447 (citing *Robinson v. Cavanaugh*, 20 F.3d 892, 895 (8th Cir. 1994)). Likewise, in the instant case, Stine did not have any evidence, let alone "solid evidence," that Killian would be assaulted when he was returned to the prison population. The fact that a prisoner has been assaulted once does not mean it will happen again, and Killian has not presented any evidence to the contrary. Thus, Killian is unable to demonstrate that Stine acted with any indifference, let alone deliberate indifference to Killian's health and safety.

As with the prisoner plaintiffs in the above cited cases, after the plaintiff in this case returned to the general population, inmates allegedly assaulted him on February 8, 2008. R. 18, Attach. 9, Decl. of D.L. Stine at ¶¶ 29-30. SIA conducted another investigation with a recommendation and report to the defendant. *Id.* SIA recommended that the plaintiff remain in SHU until he was transferred. *Id.* at ¶ 35. The defendant approved the recommendation. Again, the defendant made

decisions about the plaintiff's health and safety, in light of the information he had. Perhaps, if the defendant had rejected the recommendation and placed the plaintiff back in the general population, then the plaintiff could argue more persuasively that the defendant acted with deliberate indifference. In that case, the defendant would have been aware of a risk of harm to the plaintiff and arguably disregarded it; however, after the second incident, the defendant became aware of a risk of harm to the plaintiff and did *not* disregard it. Instead, the defendant kept the plaintiff in SHU and then had him transferred to another USP, thereby protecting the plaintiff from further inmate violence at his old housing unit.

The plaintiff also mentions that he recognized the real danger in being placed back in his original housing unit. The plaintiff's awareness of the danger is also irrelevant to his Eighth Amendment claim. Since the claim is brought against the defendant, it is the defendant's knowledge of danger—not the plaintiff's—that matters.

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). That is the circumstance in this case.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

1)  The defendant's Motion to Dismiss and Motion for Summary Judgment, R. 18, is **GRANTED**.

2)  All claims against Defendant D.L. Stine are **DISMISSED WITH PREJUDICE**.

3)  Any pending motions are **DENIED AS MOOT** and any previously scheduled

hearings or trials are **CANCELLED**.

4)     This matter is **STRICKEN** from the Court's active docket.

This the 25th day of June, 2009.

Signed By:

_**Amul R. Thapar**_

**United States District Judge**

9